# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL CASE NO. 21-9-DLB-CJS**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**VS.**                                 **ORDER**

**CHARLES H. CRAWFORD, JR.**                                      **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In accordance with the Sentencing Reform Act, **IT IS ORDERED** as follows:

1. **Sentencing proceedings** are hereby scheduled in this matter for **Wednesday, November 24, 2021 at 10:30 a.m.** in Covington, Kentucky.

2. Receipt of this Order shall constitute notice of defense counsel's opportunity to attend the presentence interview which shall take place within **ten (10) days** from the date of this Order. Defense counsel shall promptly contact the Probation Office to ascertain the time and place of the presentence interview; failure to do so shall be considered a waiver of defense counsel's attendance.

3. Not less than **thirty-five (35) days** prior to the sentencing date, the probation officer shall provide a copy of the Presentence Report to counsel for Defendant and to the United States. Within **fourteen (14) days** thereafter, counsel shall communicate to the probation officer and to opposing counsel, **in writing,** all objections to the Presentence Report that have not otherwise been resolved. The probation officer shall, to the extent necessary, investigate the matters of concern and, if warranted, revise the Presentence Report.

1

4. **Not less than ten (10) days prior to the date of the sentencing hearing**, the probation officer shall submit the Presentence Report to the sentencing judge. The report shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in response. The probation officer shall also provide a copy of any addendum to the Presentence Report, including any revisions, to counsel for the Defendant and the United States by that same deadline.

5. Not less than **seven (7) days** prior to the sentencing hearing, the parties shall file in the record a **sentencing memorandum in support of their respective positions on any unresolved objections(s) to the Presentence Report**. This memorandum shall also address any particular 18 U.S.C. § 3553(a) factors the parties believe the Court should emphasize at sentencing. Absent good cause shown, the Court will not consider untimely filed memoranda.

6. With the exception of the matters set forth in the addendum, the Presentence Report shall be accepted by the Court as accurate. Pursuant to Rule 32(i)(1)(D) of the Federal Rules of Criminal Procedure, the Court may for good cause allow a new objection to be raised at any time before the imposition of sentence. The matters set forth in the addendum, together with newly raised objections allowed by the Court, shall be resolved at the sentencing hearing. In resolving disputed issues of fact, all reliable information presented by the probation officer, the Defendant, or the United States shall be considered.

7. The time set forth in this Order may be modified by the Court for good cause shown, except that the **thirty-five (35) day** period provided for disclosure of the

Presentence Report pursuant to Federal Criminal Rule 32(e)(2) may be diminished only with the Defendant's consent.

8. Nothing in this Order requires the disclosure of information exempt from disclosure by virtue of Federal Criminal Rule 32(d)(3) and (i)(1)(B). The probation officer's recommendation shall not be disclosed. *See* Fed. R. Crim. P. 32(e)(3).

9. The Presentence Report shall be deemed disclosed:

   a. when the Report is physically delivered to counsel;

   b. one day after the report's availability is orally communicated to counsel; or

   c. three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

10. Defendant's counsel shall be responsible for disclosing the Presentence Report to Defendant and making sure that Defendant understands its contents.

11. Following the sentencing hearing, the probation officer shall provide a copy of the Presentence Report to the Clerk of Court, who shall place it in the record under seal and flagged: **"Confidential Presentence Report to be Opened Only by the Court of Appeals or by Order of the District Court,"** and at the same time, the probation officer shall provide a copy of the sentencing recommendation and any other information submitted to the Court pursuant to Criminal Rule 32(e)(3) to the Clerk of Court, who shall place all Rule 32(e)(3) information under separate seal flagged: **"Confidential Rule 32(e)(3) Information – Not to be Disclosed to the Parties. To be Opened <u>Only</u> by the Court of Appeals or by Order of the District Court."**

12. To the extent a written plea agreement exists between the parties, the plea agreement(s) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Attorney's Office at Lexington, Kentucky, unless otherwise ordered by the Court.

13. To the extent that character letters are submitted on behalf of Defendant, the Clerk of Court is directed to place these letters in the record, unless otherwise ordered by the Court.

This 13th day of August, 2021.

Signed By:
*David L. Bunning*  DB
United States District Judge